IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARL EUGENE ENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-846-F |
| ) | WO |
| ) | |
| BLAKE JENNINGS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Earl Eugene Ennis ["Ennis"], a county inmate, contends that his constitutional rights are being violated during his confinement in the Tallapoosa County Jail.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**I. DISCUSSION**

**A. The Tallapoosa County Jail**

The plaintiff names the Tallapoosa County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v.*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Thus, the plaintiff's claims against the Tallapoosa County Jail are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B. The Jail Grievance Procedure

Ennis complains that "grievance forms are disregarded" by jail officials. *Plaintiff's Complaint* at 2. Specifically, he contends that there is "no response" to inmate grievances by jail personnel as required "by their own rules . . ." *Id.*

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [Constitution]." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). The claims presented by the plaintiff relative to the grievance procedure utilized at the Tallapoosa County Jail therefore provide no basis for relief under § 1983. *See Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va. 1994); *Buckley*, 997 F.2d at 495; *Azeez*, 568 F.Supp. at 10. Additionally, although

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

42 U.S.C. § 1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing a civil action under § 1983, "[t]he failure of a State [or county] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C. § 1997e(b).

In light of the foregoing, the court concludes that the plaintiff's challenge to the inmate grievance procedure implemented in the Tallapoosa County Jail is frivolous as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Such claim is therefore subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  State Inmates

Ennis asserts that his confinement with state inmates violates his constitutional rights. However, the incarceration of state and county inmates in the same area of a county jail, standing alone, fails to allege a deprivation of any protected right, privilege or immunity. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (only actions which deny an inmate "the minimal civilized measure of life's necessities" are grave enough to violate the Constitution. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Since this claim fails to assert a sufficiently grave deprivation denying minimal civilized measures of life's necessities, it is due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Speculative Harm

Ennis maintains that "state & county inmates should be separated before a major problem erupts" in the jail. *Plaintiff's Complaint* at 4. The plaintiff's conjecture that a problem **may** at some time in the future occur between various inmates is insufficient to state a claim on which relief may be granted in this § 1983 action. *See Conner v. Sticher*, 801 F.2d 1266 (11th Cir. 1986); *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979) ("the injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened."). The jurisdiction of this court cannot be premised upon mere speculation. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). Thus, the plaintiff's assertion of possible future harm is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as it is purely speculative and without constitutional implication.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before October 4, 2005 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of September, 2005.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE